# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Case No. 1:14cr00010-019 |
| | ) | **MEMORANDUM ORDER** |
| JEREMIAH YATES, et al., | ) | |
|     Defendants | ) | |

This matter is before the court on the Motion To Disclose Identity Of Each Confidential Informant Regardless Of Whether They Will Be Called At Trial, (Docket Item No. 184), ("Motion"), filed on behalf of the defendant William Hunt, Jr. Upon consideration of the Motion, and the Government's response, and for the reasons stated below, the Motion is **GRANTED in part and DENIED in part.**

The Criminal Complaint filed in this matter against Hunt contained information provided by numerous confidential sources. (Docket Item No. 3-1.) Only one confidential source is identified as having provided information against Hunt specifically. That confidential source is referred to in the Criminal Complaint as CS-7 (Confidential Source 7). According to the Affidavit attached to the Criminal Complaint, CS-7 told law enforcement officers that in May/June 2013, CS-7 was present while two of Hunt's co-defendants were manufacturing methamphetamine at an apartment owned by Hunt. CS-7 stated that Hunt came into the apartment while the pair were manufacturing methamphetamine, asked if "it" were going to work and then smoked methamphetamine.

The Supreme Court has held that disclosure of the identity of a confidential informant depends upon "balancing the public interest in protecting the flow of information against the [defendant's] right to prepare his defense." *Roviaro v. United States*, 353 U.S. 53, 62 (1957). The Fourth Circuit has held that disclosure is likely required when the confidential informant was an active participant in the crime. *See United State v. Price*, 783 F.2d 1132, 1138 (4th Cir. 1986). In this case, Hunt is charged with, among other offenses, conspiracy to manufacture methamphetamine. While the information provided in the Affidavit does not state that CS-7 was involved in the manufacture of methamphetamine or the conspiracy to manufacture methamphetamine, the Affidavit does state that CS-7 was present during the manufacture of methamphetamine. Also, it is information from CS-7 that places Hunt at the scene of the manufacture of methamphetamine. Furthermore, CS-7 claims to have witnessed Hunt smoking methamphetamine. Thus, if the Government intends to introduce evidence of this incident at trial, whether through the testimony of CS-7 or another participant, CS-7's knowledge of the incident could be crucial to test the credibility of the witnesses. That being the case, I find that, if the Government intends to introduce evidence of this May/June 2013 incident at trial, whether through the testimony of CS-7 or another participant, the defendant's right to prepare his defense would outweigh the Government's interest and require the disclosure of the identity of CS-7.

Based on the above, it is **ORDERED** that, if the Government intends to introduce evidence of this May/June 2013 incident at trial, whether through the testimony of CS-7 or another participant, the Government, by no later than July 29, 2014, shall disclose the identity of the individual identified as CS-7 to Hunt's counsel.

Other that as stated above, the Motion is denied based on the undersigned's finding that Hunt has not met his burden to show that the identity of each confidential informant who provided any information to law enforcement officers regarding this investigation is necessary for the preparation of his defense to these charges.

ENTER: July 9, 2014.

/s/ *Pamela Meade Sargent*
UNITED STATES MAGISTRATE JUDGE